UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| FELIX PRADO,<br><br>　　　　Petitioner,<br>v.<br><br>STATE OF MINNESOTA,<br><br>　　　　Respondent. | Civil No. 13-1261 (PJS/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed with prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

During the early morning hours of May 18, 2011, Petitioner was driving on a street in Hennepin County, Minnesota. A police officer watched Petitioner turn into a driveway, and then activated his squad car lights and conducted a traffic stop. The police officer determined that Petitioner was intoxicated, and he was charged with driving while impaired, ("DWI"), in violation of Minn.Stat. § 169A.20.

Petitioner filed a pretrial motion to suppress all of the evidence obtained by the police officer who stopped him. He contended that the police officer did not have any

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

legally sufficient cause to conduct the traffic stop that led to his arrest. An evidentiary hearing was held on Petitioner's suppression motion, and the police officer testified that he stopped Petitioner because (i) he had observed that Petitioner's licence plate light was not functioning, and (ii) Petitioner had failed to signal his turn into the driveway where the traffic stop occurred. A video taken from the police officer's squad car was introduced at the hearing, but the videotape images apparently were not very clear.

The trial court judge ultimately concluded that the police officer did have adequate legal grounds to conduct the traffic stop that precipitated Petitioner's arrest, and Petitioner's suppression motion was therefore denied. Petitioner subsequently waived his right to a jury trial, and he was found guilty based on a set of stipulated facts. He was sentenced to five years in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Lino Lakes, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal in which he challenged the trial court judge's ruling on his suppression motion. Petitioner contended that the evidence presented at the evidentiary hearing showed that there were not sufficient grounds to conduct the traffic stop that led to Petitioner's arrest. The Minnesota Court of Appeals rejected Petitioner's arguments, and affirmed his conviction and sentence, stating:

> "The officer testified that he decided to initiate the traffic stop once he observed that appellant's rear license plate light was not functioning, but he also testified that he observed appellant fail to signal when appellant turned into the driveway. Whether or not the officer was able to observe the rear license plate light, once the appellant failed to signal his turn into the driveway, he committed a traffic violation and the officer had an objective, legal basis to conduct the traffic stop."

State v. Prado, No. A12-523 (Minn.App. 2013), 2013 WL 599169 (unpublished opinion) at *2. Petitioner's subsequent application for further review in the Minnesota Supreme Court

was denied on April 30, 2013. (Id.)

Petitioner filed his current habeas corpus petition on May 28, 2013. The petition lists two grounds for relief, which, repeated verbatim and in their entirety, are as follows:

> 1. "The officers claims he could see my license plate light, from the distance and angle I was. I also have the dash cam from the officer. When I look at the DVD you also can see, when I made the left turn on to James you can see my rear end, real clear and it shows my license plate light on, as well my turn signal being used, and used when I turn into the driveway. Thier's [sic] no way the officer could see my plate's front or rear-end late [sic] alone tell if my light was on or off my license plate. Then on the stand makes a statement he could not tell if my license plate was on or off because he's head lights was reflecting of my rear-end."
>
> 2. "The turn signal was declined in court, because the license-plate light violation gave more of a investigated stop. How can it be brought back up."

(Petition, [Docket No. 1], pp. 5, 7.)

For the reasons discussed below, the Court finds that Petitioner cannot be granted habeas corpus relief on either of the two grounds listed in his petition, and this action must be summarily dismissed with prejudice.

## II. DISCUSSION

It is well settled, of course, that a federal court cannot grant habeas corpus relief to a state prisoner, unless he demonstrates that he is being detained in violation of his rights under the federal Constitution. 28 U.S.C. § 2254(a). See also Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States"); Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").

In this case, neither of the two grounds for relief listed in Petitioner's habeas corpus

3

petition makes any mention of the federal Constitution or any federal constitutional principle. However, the Minnesota Court of Appeals indicated that the claims presented in Petitioner's direct appeal were based, at least in part, on the Fourth Amendment to the Constitution. See Prado, 2013 WL 599169 at *2 ("[b]oth the United States Constitution and the Minnesota Constitution protect the right of people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures") (citing U.S. Const. Amend. IV). Moreover, the Fourth Amendment customarily provides the federal constitutional basis for challenging the admissibility of evidence obtained pursuant to an allegedly illegitimate police stop. See e.g., United States v. Sokolow, 490 U.S. 1, 7 (1989) ("[t]he Fourth Amendment requires 'some minimal level of objective justification' for making... [a police] stop") (quoting INS v. Delgado, 466 U.S. 210, 217 (1984); United States v. Spotts, 275 F.3d 714, 718 (8th Cir. 2002) ("[t]he Fourth Amendment permits police to make an investigative stop of a vehicle if they have a 'reasonable suspicion that the vehicle or its occupants are involved in criminal activity'") (quoting United States v. Bell, 183 F.3d 746, 749 (8th Cir.1999)). Therefore, the Court will give Petitioner the benefit of the doubt, and assume that his current claims for relief are based on the Fourth Amendment, even though he has not actually cited that part of the Constitution, (or any other part of the Constitution), in his current petition.[2]

---

[2] The Court notes that Petitioner could not seek federal habeas corpus relief based on any constitutional argument that was not previously raised in the state courts. See Picard v. Connor, 404 U.S. 270, 276 (1971) ("we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts"). The Fourth Amendment is the only federal constitutional provision cited by Minnesota Court of Appeals on Petitioner's direct appeal, so that is the only federal constitutional provision that can be assumed to provide the constitutional basis for Petitioner's current habeas corpus claims.

However, Petitioner's putative Fourth Amendment claims are barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). There, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 482.

"[A] Fourth Amendment claim is Stone-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994), cert. denied, 514 U.S. 1052 (1995). See also Poole v. Wood, 45 F.3d 246, 249 (8th Cir.), cert. denied, 515 U.S. 1134 (1995). "[A] 'mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process.'" Chavez v. Weber, 497 F.3d 796, 802 (8th Cir. 2007), quoting Capellan v. Riley, 975 F.2d 67, 72 (2nd Cir. 1992).

The determination of whether there has been an "unconscionable breakdown" in a state's procedures does not require a review of the state courts' fact-finding process, or a review of the state courts' application of Fourth Amendment law. Willett, 37 F.3d at 1272. To the contrary, federal courts "are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation." Id. at 1273 (emphasis in the original). On federal habeas review, the "inquiry focuses on whether [the petitioner] received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred." Chavez,

497 F.3d at 802.

The Court finds that the rule of Stone v. Powell is clearly applicable here. The record shows that Petitioner had ample opportunities to present his Fourth Amendment claims in his state court proceedings. Petitioner's Fourth Amendment claims were presented and addressed in the suppression motion that he filed in the trial court. The Minnesota Court of Appeals also reviewed Petitioner's claims on the merits, and explained why they were properly rejected by the trial court. Prado, 2013 WL 599169 at *2. Thus, Petitioner not only had an opportunity to present his Fourth Amendment claims in the state courts, but those claims actually were raised, considered, discussed and adjudicated on the merits, in both the trial court, and in the Minnesota Court of Appeals. Furthermore, Petitioner had yet another opportunity to present his Fourth Amendment claims in his petition for further review in the Minnesota Supreme Court. Petitioner obviously disagrees with the outcome of the state court proceedings in which his Fourth Amendment claims were addressed, but he does not deny that those proceedings occurred, nor does he deny that they gave him an opportunity to litigate his current Fourth Amendment claims.

In Poole, supra, the Eighth Circuit Court of Appeals found that Minnesota law provides ample opportunities for a Minnesota state criminal defendant to raise Fourth Amendment challenges. 45 F.3d at 249. That determination is controlling here. In this case, as in Poole, Petitioner may not "relitigate" his Fourth Amendment claims in a federal habeas proceeding.

### III. CONCLUSION

Because Petitioner received a full and fair opportunity to litigate his Fourth Amendment claims in the Minnesota state courts, federal habeas review of those claims

is barred by Stone v. Powell. The Court will therefore recommend that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

Having determined that Petitioner's habeas corpus petition must be summarily dismissed, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 4), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

**IV. CERTIFICATE OF APPEALABILITY**

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is virtually certain that no other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

**V. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application to proceed in forma pauperis, (Docket No. 4), be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.


Dated: May 29, 2013

                                          s/ Arthur J. Boylan
                                          ARTHUR J. BOYLAN
                                          Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before June 13, 2013.